UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause Nos. 1:97-cr-0140-01 (M/F) |
| | ) | |
| ANDRE LEON BERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on June 23, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on July 30, 2010, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(I) and 3583(e). All proceedings in this matter were held on June 23, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] Mr. Berry appeared in person and by appointed counsel, Bill Dazey, Office of Indiana Federal Community Defender; the government appeared by Brant Cook, Assistant United States Attorney; and Robert Akers, U. S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Dazey, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Berry in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Berry and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Berry was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Berry would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Berry had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Berry had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on June 23, 2011.

7. Mr. Dazey stated that Andre Leon Berry would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth as amended orally, and set forth in the Petition. Mr. Berry waived, in writing, the preliminary examination and he was held to answer.

8. Mr. Berry, by counsel, stipulated that he committed specifications of violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain fro excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | As previously reported to the Court, on November 6, 14, December 22, and 29, 2009, the offender submitted urine samples which tested positive for cocaine. He readily admitted using the substance. |
| **4** | **"The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer."** |
| | The offender failed to report for random urine tests on June 29, July 10, 13, and 22, 2010. On July 14, 2010, the probation office was notified by the offender's treatment counselor he failed to report for his June 14, 2010, counseling session and his made no further contact to resume treatment. |
| **5** | **"The defendant shall report to the probation officer as directed by the court or probation officer."** |
| | The offender failed to report for scheduled appointments on June 21, July 22, and July 23, 2010. He failed to contact the probation officer as instructed via voicemail and text on July 6 and 7, 2010. A letter mailed to the offender's residence for an appointment on July 19, 2010, was returned stamped "Moved left no address/unable to forward. |

| 6 | **"The defendant shall not commit another federal, state, or local crime."** |
|---|---|
| | On June 15, 2010, while residing in the Volunteers of America, the offender's case manager caught him outside the facility in the driver's seat of a Chevrolet Suburban. When he was confronted about driving, he stated "You caught me, I'm hit." Mr. Berry does not have a valid driver's license. |
| 7 | **"The defendant shall pay the restitution imposed by this judgment and that remains unpaid at the commencement of supervised release."** |
| | Mr. Berry has an outstanding restitution balance of $11,455.37. His last payment of $20 was made of November 20, 2009. While on supervised release, the offender has paid a total of $190. |

The Court placed Mr. Berry under oath and directly inquired of Mr. Berry whether he admitted violations of the specifications of his supervised release set forth above. Mr. Berry stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Mr. Berry has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Berry constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Berry is 12-18 months.

4) The parties agree that the appropriate disposition for Mr. Berry's violation of the conditions of supervised release is:

a. The defendant be sentenced to a period of confinement of 12 months and one day to the custody of the Attorney General or his designee.

b. It is recommended that the defendant be confined at the Federal Correctional Institution in Spartanburg, South Carolina, for service of his sentence.

c. Upon completion of his sentence, the defendant will be subject to one year of supervised release.

The Magistrate Judge informed the defendant and the parties' respective counsel that he would accept the parties' stipulations.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Berry violated the specified conditions of supervised release as set forth above in the Petition to Revoke his supervised release.

Mr. Berry's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of twelve months and one day. The Court recommends to the Bureau of Prisons that Mr. Berry be designated to the Federal Correctional Institution in Spartanburg, South Carolina. Upon the conclusion of his confinement, defendant will be subject to one year of supervised release.

The Magistrate Judge requests that Robert Akers, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Berry stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Berry entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Berry's supervised release and the sentence imposed of twelve months and one day in the custody of the Attorney General or his designee. Upon release from confinement, defendant will be subject to one year of supervised release.

IT IS SO RECOMMENDED this 27th day of June, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Brant Cook,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal